**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHARLES H. HICKMAN,**

    Petitioner,

vs.                                                Case No. 4:05cv503-RH/WCS

**JAMES MCDONOUGH,**[1]

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. Doc. 1.

Petitioner is currently incarcerated at Jefferson Correctional Institution. He challenges the conviction and sentence imposed in the Fourth Judicial Circuit Court in Clay County. Jurisdiction is appropriate in this district and the Middle District, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d).

---

[1] James McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. Fed.R.Civ.P. 25(d).

The district of conviction would appear to be the most convenient and appropriate venue, and the petition should be transferred to the Middle District under § 2241(d).  See also, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting that the practice in district courts in Georgia was to transfer petitions to the district of conviction under § 2241(d)).

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on March 14, 2006.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO PARTIES**

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**